UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Jennifer Newsome,

    Plaintiff,

v().

                                                    Case Number:

Redvector.com, LLC.

    Defendant.

_____/

**COMPLAINT & JURY DEMAND FOR JURY TRIAL**

1. Plaintiff, Jennifer Newsome, sues Defendant, Redvector.com, LLC., for violating the Family Medical Leave Act. This is action for an amount that exceeds $213,102.55, exclusive of attorney's fees, interest, and costs.

Parties and Jurisdiction

2. Plaintiff is a resident of Hillsborough County, Florida.

3. Defendant is a for-profit corporation headquartered in Hillsborough County, Florida.

4. Defendant is incorporated in Hillsborough County, Florida.

5. Defendant operates and maintains a leading online education and training solutions company in Hillsborough County, Florida.

6. Defendant conducts business in among other places, Hillsborough County, Florida.

7. Defendant employed Plaintiff in its offices located in Hillsborough County, Florida.

8. Defendant is an employer as defined by the Family and Medical Leave Act ("FMLA").

9. Defendant employs more than fifty (50) persons within a seventy-five (75) mile radius of its headquarters located in Hillsborough County, Florida.

10. The Court has jurisdiction as the unlawful employment practices took place in Hillsborough County, Florida.

11. This civil action is premised upon violations of the FMLA.

Factual Allegations

12. On May 3, 2021, Defendant hired Plaintiff as a Senior Data Analyst, later promoted to Marketing Analytics Manager.

13. Plaintiff was employed by Defendant as a full-time employee and worked more than 1250 hours during each year of her employment with Defendant.

14. Plaintiff has mental health disabilities, including Bipolar Disorder and Attention-Deficit/Hyperactivity Disorder (ADHD).

15. Beginning around the summer of 2023, Plaintiff began reporting increased psychological distress related to her work environment.

16. Plaintiff interactions with supervisors and the conditions of her employment aggravated her mental health symptoms and impaired her ability to perform her job.

17. Additionally, a new initiative known as the Marketing Budget Project contributed significantly to Plaintiff's stress and mental health issues, despite her extensive documentation and repeated efforts to address and resolve the problems associated with the project.

18. In December 2023, Plaintiff disclosed her serious medical conditions (mental health described above) to Defendant when she requested FMLA leave.

19. Plaintiff's serious medical condition significantly impacted her ability to think, speak, and concentrate.

20. In January 2024, Plaintiff took FMLA because of her serious medical conditions.

21. Subsequently, in mid-2024, Plaintiff requested disability accommodations under the ADA due to the same circumstances previously described.

22. Defendant disciplined Plaintiff by issuing a negative annual review just two weeks after Plaintiff met with Human Resources and Supervisor to approve requested disability accommodations.

23. In February 2025, Plaintiff took intermittent leave under FMLA.

24. Shortly thereafter, on March 14, 2025, Plaintiff was terminated while still on active leave under the FMLA and ADA accommodations.

25. Defendant claimed that the termination was a layoff; however, it posted a very similar position shortly thereafter.

26. Defendant fired Plaintiff because she took protected leave under the FMLA.

27. Defendant violated federal law by firing Plaintiff because she took FMLA leave. Defendant's actions were in direct violation of 29 U.S.C. § 2615(a)(2).

28. Defendant knew that because Plaintiff was a full-time employee and because Defendant employed more than 50 people within a 75-mile radius, Plaintiff was eligible FMLA leave due to her mental health condition.

29. Plaintiff was eligible for job-protected leave under the FMLA due to her mental health condition.

30. Defendant terminated Plaintiff's employment in retaliation for Plaintiff taking leave under the FMLA.

31. Prior to Plaintiff informing Defendant about serious health condition, Defendant did not advise or otherwise indicate to Plaintiff that Plaintiff's employment was in danger or that Plaintiff was at risk of losing her job. Otherwise stated, Plaintiff had no reason to fear for her job immediately prior to informing Defendant about her serious health condition, and Plaintiff had no reason to believe she would be terminated by Defendant.

32. Defendant employed at all material times at least 50 employees within a 75-mile radius of its headquarters at 4890 West Kennedy Blvd, Suite 300, Tampa, FL 33609.

33. The FMLA requires qualifying employers with at least 50 employees within a 75-mile radius to provide up to 12 weeks of job-protected leave to full-time employees

34. Covered employers are prohibited from denying, interfering with, or taking retaliatory measures in connection with an employee's rights under the FMLA.

35. Plaintiff has suffered damages as a result of Defendant's actions, including but not limited to back pay, front pay, costs, attorney's fees and liquidated damages.

36. Defendant willfully violated the FMLA by terminating Plaintiff's employment in retaliation for her exercise of rights under the Act.

37. Defendant acted in reckless disregard of its duties under the FMLA.

38. Defendant did not have a legitimate reason to issue a negative performance review and, in fact, terminated Plaintiff in retaliation for her taking leave under the FMLA and for requesting ADA accommodations.

39. Defendant violated the FMLA by terminating Plaintiff under active FMLA leave.

## COUNT I- FMLA RETALIATION

40. Plaintiff hereby reincorporates all paragraphs 1-39 herein and states as follows.

41. Plaintiff was employed by Defendant.

42. Plaintiff was a full-time employee who regularly worked more than 1,250 hours per calendar year of her employment.

43. Defendant employs more than 50 employees within a 75-mile radius of its Hillsborough County, Florida headquarters.

44. Plaintiff was an employee who was eligible to take FMLA leave.

45. Defendant is a covered employer as defined by the FMLA.

46. Plaintiff suffers from a serious medical condition that impairs her ability to think, speak, and concentrate.

47. Plaintiff disclosed her health issues to the Defendant and took leave under the FMLA in January 2024.

48. In February 2025, Plaintiff took intermittent leave under the FMLA and was terminated shortly thereafter, in March 2025, while still on active leave under the FMLA.

49. Defendant claimed that the termination was a layoff; however, it posted a very similar position shortly thereafter.

50. Defendant did not have a legitimate reason to issue a negative performance review and, in fact, terminated Plaintiff in retaliation for her taking leave under the FMLA.

51. Plaintiff has been damaged by Defendant's illegal termination of her employment.

52. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff demands judgment for damages against Defendant together with back pay, front pay, reinstatement, interest,

liquidated damages, costs and attorney's fees and other relief permitted by law.

DATED July 3, 2025.

**Respectfully,**

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
