# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JENNIFER NEWSOME,**

    Plaintiff,

v.                                             Case No.: 8:25-cv-01729-SDM-SPF

**REDVECTOR.COM, LLC.,**

    Defendant,

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, RedVector.com, LLC d/b/a Vector Solutions ("Defendant"), files its Answer and Affirmative Defenses to the Amended Complaint and Demand for Jury Trial ("Amended Complaint") filed by Plaintiff, Jennifer Newsome ("Plaintiff"), and states:

1. Defendant admits that Plaintiff sues Defendant for alleged violations of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* and its amendments ("ADA"), and that Plaintiff purports to seek damages exceeding $213,102.55, exclusive of attorney's fees, interest, and costs. Defendant denies that it violated the FMLA or the ADA, denies that it is liable to Plaintiff in any respect, and further denies that Plaintiff is entitled to any damages whatsoever.

Parties, Jurisdiction and Venue

2. Defendant is without sufficient knowledge or information after reasonable inquiry as to Plaintiff's county of residency, therefore denied.

3. Admitted.

4. Denied.

5. Admitted.

6. Admitted.

7. Admitted only that, from May 3, 2021 to March 14, 2025, Defendant employed Plaintiff and assigned her to its office located at 4890 West Kennedy Blvd., Suite 300, Tampa, FL 33609 in Hillsborough County, Florida; otherwise, denied.

8. Admitted only that, from May 3, 2021 to March 14, 2025, Defendant was Plaintiff's "employer" as that term is defined by the FMLA and the ADA; otherwise, denied.

9. Admitted.

10. Admitted only that this Court has jurisdiction over this action; otherwise, denied.

11. Admitted only that Plaintiff purports to bring an action premised upon alleged violations of the FMLA; otherwise, denied.

12. Admitted only that Plaintiff purports to bring an action premised upon alleged violations of the ADA; otherwise, denied.

## Administrative Prerequisites

13. Admitted only that Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 511-2025-03829, alleging disability discrimination, failure to accommodate, and retaliation; otherwise, denied.

14. Admitted.

15. Admitted.

## Factual Allegations

16. Admitted only that on May 3, 2021, Defendant hired Plaintiff as a Senior Marketing Analyst, and that on January 3, 2022, Plaintiff's title was changed to Marketing Analytics Manager. Defendant denies that Plaintiff was promoted and further denies the remaining allegations in Paragraph 16.

17. Admitted only that, from May 3, 2021 to March 14, 2025, Plaintiff was employed by Defendant, and that Plaintiff worked more than 1,250 hours during each year of her employment with Defendant; otherwise, denied.

18. Defendant is without sufficient knowledge or information after reasonable inquiry as to the allegations in Paragraph 18, therefore denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted only that Plaintiff requested information regarding FMLA leave on December 27, 2023; otherwise, denied.

23. Defendant is without sufficient knowledge or information after reasonable inquiry as to the allegations in Paragraph 23, therefore denied.

24. Admitted that Plaintiff was granted FMLA leave in January of 2024; otherwise, denied.

25. Admitted only that in or around June 2024, Plaintiff requested certain workplace accommodations. Defendant is without sufficient knowledge or information after reasonable inquiry as to the remaining allegations in Paragraph 25, therefore denied.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted only that Plaintiff was terminated on March 14, 2025; otherwise, denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied as framed.

34. Denied as framed.

35. Denied.

36. Denied.

37. Admitted only that, from May 3, 2021 to March 14, 2025, Defendant employed at least 50 employees within a 75-mile radius of its headquarters located at 4890 West Kennedy Blvd., Suite 300, Tampa, FL 33609.

38. The allegations in Paragraph 38 attempt to restate the requirements of the law; denied to the extent the allegations are inconsistent with the actual requirements of the FMLA.

39. The allegations in Paragraph 39 attempt to restate the requirements of the law; denied to the extent the allegations are inconsistent with the actual requirements of the FMLA and/or the ADA.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted only that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging unlawful disability discrimination and retaliation; otherwise, denied.

46. Admitted.

47. Admitted only that Plaintiff filed the Amended Complaint within ninety (90) days of receipt of the Notice of Right to Sue; otherwise, denied.

## COUNT I – FMLA RETALIATION

48. Defendant realleges and reincorporates its answers to the allegations in Paragraphs one (1) through forty-seven (47) of the Amended Complaint, as if fully set forth herein.

49. Denied.

50. Admitted only that Plaintiff was employed by Defendant from May 3, 2021 to March 14, 2025; otherwise, denied.

51. Admitted only that Plaintiff was an employee of Defendant from May 3, 2021 to March 14, 2025; otherwise, denied as framed.

52. Admitted only that, from May 3, 2021 to March 14, 2025, Defendant was Plaintiff's "employer" as that term is defined by the FMLA; otherwise, denied.

53. Defendant is without sufficient knowledge or information after reasonable inquiry as to the allegations in Paragraph 53, therefore denied.

54. Admitted only that Plaintiff took FMLA leave in January 2024. Defendant is without sufficient knowledge or information after reasonable inquiry as to Plaintiff's unspecified "health issues" referenced in Paragraph 54, therefore denied.

55. Admitted only that Plaintiff took intermittent FMLA leave in February 2025, and that Plaintiff was terminated on March 14, 2025; otherwise, denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT II – DISABILITY DISCRIMINATION UNDER THE ADA

59. Defendant realleges and reincorporates its answers to the allegations in Paragraphs one (1) through fifty-eight (58) of the Amended Complaint, as if fully set forth herein.

60. Denied.

61. Admitted only that Plaintiff was employed by Defendant from May 3, 2021 to March 14, 2025; otherwise, denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT III – RETALIATION UNDER THE ADA

67. Defendant realleges and reincorporates its answers to the allegations in Paragraphs one (1) through sixty-six (66) of the Amended Complaint, as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Defendant admits that Plaintiff demands a trial by jury, but denies such entitlement because Defendant is entitled to judgment as a matter of law.

Defendant denies that Plaintiff is entitled to any of the damages or claims for relief requested in the WHEREFORE clause following Paragraph 72 of the Amended Complaint and further denies that it is liable to Plaintiff in any respect.

## GENERAL DENIAL

Defendant denies all allegations in the Amended Complaint not specifically admitted, and further denies all captions and headers in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations; therefore,

Defendant reserves the right to amend its Answer and Affirmative Defenses consistent with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida to assert such other defenses as they become known through the course of discovery. As separate and distinct defenses to the allegations set forth in the Amended Complaint, Defendant asserts the following:

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

At all times relevant hereto, Plaintiff was an at-will employee of Defendant and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

### THIRD DEFENSE

All actions taken by Defendant with respect to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons which were not pretextual, and were unrelated to Plaintiff's alleged serious medical conditions and/or disabilities, alleged request for or use of medical leave, alleged request for ADA accommodations, or any other alleged protected characteristic or protected activity.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent there was no causal connection between the events alleged in her Amended Complaint and any damages which she allegedly suffered.

## FIFTH DEFENSE

Defendant made good faith efforts to comply with the law and should not be liable for any discriminatory, retaliatory, or other unlawful acts by its employees, whether managerial or not.

## SIXTH DEFENSE

Defendant believed in good faith, and took all reasonable steps to ensure, that its conduct was in compliance with state and federal law.

## SEVENTH DEFENSE

Plaintiff's claims are barred on the grounds that, even if any decisions concerning Plaintiff were based in part on any protected status or activity, which they were not, Defendant would have reached the same decision, absent any consideration of such protected status or activity.

## EIGHTH DEFENSE

Plaintiff was not entitled to FMLA leave. To the extent she was entitled, Plaintiff received all of the leave that she requested and/or was entitled to under the FMLA.

## NINTH DEFENSE

Assuming, *arguendo*, that Defendant violated the FMLA, the ADA, or any other federal, state, or local law, which it did not, such a violation was not willful or intentional.  At all times relevant hereto, Defendant had specific policies against unlawful discrimination, retaliation, and other unlawful conduct, and made all decisions in good faith, and without malice or ill-will toward Plaintiff.

## TENTH DEFENSE

Plaintiff's claim for economic damages is or should be limited based on any after-acquired evidence discovered by Defendant that would show that Plaintiff's employment would have been terminated on other grounds.

## ELEVENTH DEFENSE

Plaintiff's damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to Plaintiff's alleged damages.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies and/or failed to satisfy conditions precedent to suit.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands and/or estoppel.

## FOURTEENTH DEFENSE

If any allegations of unlawful conduct are true, which Defendant denies, Defendant's employees implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment and without Defendant's knowledge or consent.

## FIFTEENTH DEFENSE

Any amount which Plaintiff claims is due and owing to her for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which she seeks lost wages and benefits. To the extent Plaintiff has failed to make reasonable attempts to mitigate her damages, Plaintiff's damages claims must be reduced.

## SIXTEENTH DEFENSE

All events which occurred more than 300 days prior to the filing of Plaintiff's Charge of Discrimination with the EEOC and/or state or local agency are untimely under the ADA and not properly assertable in this action; nor is Plaintiff entitled to relief under the ADA in this action for any events which occurred more than 300 days prior to the filing of her Charge of Discrimination.

## SEVENTEENTH DEFENSE

To the extent Plaintiff has made allegations in the Amended Complaint or attempts to assert claims which relate to alleged acts of discrimination and/or retaliation not encompassed within a charge of discrimination filed with and investigated by the EEOC or any appropriate state or local agency, these claims and/or events are not properly before the Court, jurisdictionally or otherwise.

## EIGHTEENTH DEFENSE

Plaintiff's claims for relief are barred to the extent Plaintiff seeks damages not permitted under the applicable law and/or in excess of the limits imposed by applicable law.

## NINETEENTH DEFENSE

To the extent that Plaintiff sought accommodations beyond those offered to him by Defendant, such accommodations were unreasonable and would have imposed an undue hardship on Defendant.

## TWENTIETH DEFENSE

Assuming, *arguendo*, that Defendant violated the FMLA, which it did not, such a violation was merely technical, and Plaintiff suffered no harm therefrom.

## TWENTY-FIRST DEFENSE

Defendant is entitled to recover its reasonable attorneys' fees and costs for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

## RESERVATION OF RIGHTS

Defendant reserves the right to bring any additional defenses that become known during the litigation of this matter.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Amended Complaint, Defendant requests that:

a. Plaintiff's claims be stricken or dismissed with prejudice;

b. Each and every prayer for relief in Plaintiff's Amended Complaint be denied;

c. Judgment be entered in favor of Defendant and against Plaintiff;

d. All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff; and

e. Defendant be granted such other and further relief as this Court deems just and appropriate.

DATED this 7th day of October, 2025.

                                Respectfully submitted by:

                                **JACKSON LEWIS P.C.**

                                */s/ Christopher Cavaliere*
                                Christopher Cavaliere, Esq.
                                Florida Bar No. 85776
                                christopher.cavaliere@jacksonlewis.com
                                nichole.villa@jacksonlewis.com
                                tampadocketing@jacksonlewis.com
                                Chase H. Hale, Esq.
                                Florida Bar No. 1026400
                                chase.hale@jacksonlewis.com
                                nichole.villa@jacksonlewis.com
                                tampadocketing@jacksonlewis.com

                                Wells Fargo Center
                                100 S. Ashley Drive, Suite 2200
                                Tampa, Florida 33602
                                Telephone:  (813) 512-3210
                                Facsimile:   (813) 940-7439

                                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of October, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF which will provide a copy to all counsel of record.

                                */s/ Christopher Cavaliere*
                                Attorney

4923-8382-1935, v. 3